IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| THEO MCPHEE, | § § § | |
| *Plaintiff,* | § § | SA-22-CV-00300-XR |
| vs. | § § | |
| WELLS FARGO BANK NATIONAL ASSOCIATION, FOREIGN LIMITED LIABILITY COMPANY, | § § § § § | |
| *Defendant.* | § § | |

**REPORT AND RECOMMENDATION
OF UNITED STATES MAGISTRATE JUDGE**

**To the Honorable United States District Judge Xavier Rodriguez:**

This Report and Recommendation concerns Plaintiff's *Pro Se* Motion to Reinstate Case in Federal Court [#31], which was referred to the undersigned for disposition. The undersigned therefore has authority to enter this recommendation pursuant to 28 U.S.C. § 636(b)(1)(B). For the reasons set forth below, it is recommended that Plaintiff's motion be denied.

**I.  Background**

Plaintiff Theo McPhee, through his prior counsel, filed this case against Wells Fargo Bank National Association ("Wells Fargo") in March 2022, alleging wrongful termination/constructive discharge and national origin, race, and disability discrimination and retaliation in violation of the Americans with Disabilities Act ("ADA"), Title VII of the Civil Rights Act of 1964 ("Title VII"), and Section 1981 of the Civil Rights Act of 1871 ("Section 1981"). (Compl. [#1].)  According to his Complaint, Plaintiff is Bahamian and African

1

American and faced discriminatory treatment by Wells Fargo regarding work expectations and assignments, as well as medical leave approvals.

Shortly after the case was filed, Plaintiff (through his counsel) and Wells Fargo filed a joint motion to transfer this case to arbitration based on a binding arbitration agreement governing the employment claims at issue. (Joint Mtn. [#8].) The District Court granted the motion on May 6, 2022, and stayed this case pending the outcome of the arbitration. The parties attempted to settle the case before proceeding to arbitration, but ultimately reached an impasse. (Advisories [#10, #11].) On November 30, 2022, Plaintiff's counsel filed the demand for arbitration.

In early 2023, Plaintiff filed a *pro se* motion requesting a Court hearing, stating that he did not want to proceed before an arbitrator and did not recall ever signing an arbitration agreement. (Mtn. for Hearing [#12].) In response, the District Court set the case for a status conference. Prior to the conference, Plaintiff's counsel moved to withdraw due to irreconcilable differences with Plaintiff regarding the course of the litigation. (Mtn. to Withdraw [#17].)

The District Court held the status conference on February 23, 2023, at which Plaintiff, his counsel, and Wells Fargo's counsel appeared. At the conference, the District Court addressed Plaintiff's concern that he had never signed an arbitration agreement or that his signature might have been forged electronically. Plaintiff's counsel stated that Wells Fargo had provided him with a copy of an arbitration agreement bearing Plaintiff's signature; that he had communicated with Plaintiff about the binding agreement; and that he and Wells Fargo's attorney had agreed to proceed before an arbitrator as required by the agreement. The District Court then explained to Plaintiff that the arbitration agreement he signed is a binding contract between an employee and an employer and requires him to arbitrate his claims regardless of whether he remembers signing

the agreement. The District Court also explained to Plaintiff that his attorneys were acting on his behalf at the time of the joint motion to proceed with arbitration and that any further dispute he had regarding the arbitration could be raised with the appointed arbitrator, Pat Boone. After the conference, the District Court granted Plaintiff's counsel's motion to withdraw.

On May 4, 2023, Plaintiff then filed another *pro se* request to transfer his claims back to federal court, arguing collusion between the American Arbitration Association ("AAA") and Wells Fargo. (Mtn. [#24].) In this filing, Plaintiff requested leave to amend his pleadings to add claims regarding sexual harassment in the workplace from 2013 to 2018. Plaintiff's motion relied upon the Ending Forced Arbitration of Sexual Assault and Sexual Harassment Act of 2021, which prohibits the enforcement of arbitration provisions in cases involving sexual assault or sexual harassment. The District Court denied the motion on the basis that Plaintiff's sexual harassment allegations concerned incidents that occurred prior to the enactment of the new law, and thus, the new law would not apply to any of the conduct and Plaintiff's proposed amendment would be futile. (Order [#25].) The District Court reminded Plaintiff in its order that he could raise any issue regarding unfairness in the arbitral proceedings with the District Court after a final decision had been entered pursuant to 9 U.S.C. § 10.

The arbitrator held a final arbitration hearing on October 10, 2023, at which Plaintiff and counsel for Wells Fargo appeared and participated. (Tr. [#37].) The arbitrator issued a final arbitral award on November 17, 2023, in which he ordered that Plaintiff "recover nothing"[1] from Wells Fargo on his employment claims under the ADA, Title VII, and Section 1981. (Arbitration Award [#32-1], at 2–3.) The arbitrator concluded that the evidence did not establish

---

[1] During the hearing before the undersigned on Plaintiff's current motion, Plaintiff stated that he interpreted this language as the arbitrator being disrespectful towards him. The undersigned explained that "take nothing" is a legal form of art used in the language of judgments when a plaintiff does not prevail on his claims.

3

any adverse employment action and that Plaintiff resigned from employment after being interviewed regarding a fraud investigation. The arbitrator also addressed an additional claim of breach of contract regarding publication of a confidential Settlement Agreement between the parties related to a prior lawsuit. The arbitrator found that Plaintiff had previously agreed to refrain from seeking reemployment with Wells Fargo and to keep the Settlement Agreement confidential, but that it was Plaintiff's decision to seek and obtain reemployment that had caused the terms of the Agreement to be published.

Plaintiff thereafter filed the motion currently before the Court, which asks the Court to reinstate his case and vacate the arbitral award. Plaintiff argues that the arbitration was unfairly conducted; that he never signed the arbitration agreement; and that AAA is biased in favor of Wells Fargo. Wells Fargo filed a response to the motion [#33], to which Plaintiff filed a reply [#33]. The undersigned held a hearing on the motion on June 5, 2024, at which Plaintiff and counsel for Wells Fargo appeared in person. After hearing, as directed by the undersigned, Wells Fargo filed a transcript of the arbitration proceedings [#37]. After considering the parties' filings and arguments at the hearing, the record, and the governing law, the undersigned recommends the District Court deny Plaintiff's motion for the reasons that follow.

## II.  Legal Standard

Judicial review of an arbitration award is "extraordinarily narrow." *Antwine v. Prudential Bache Sec., Inc.*, 899 F.2d 410, 413 (5th Cir. 1990). Courts can vacate or modify an arbitration award only in very limited circumstances where (1) the award was procured by corruption, fraud, or undue means; (2) there was evident partiality or corruption in the arbitrators; (3) the arbitrators were guilty of misconduct in refusing to postpone the hearing, upon sufficient cause shown, or in refusing to hear evidence pertinent or material to the

controversy, or of any misbehavior by which the rights of any party have been prejudiced; or (4) the arbitrators exceeded their powers, or so imperfectly executed them that a mutual, final, and definite award upon the subject matter submitted was not made. 9 U.S.C. § 10(a).

The party asking the Court to vacate an arbitral award, here Plaintiff, bears the burden of proof. *Karaha Bodas Co., L.L.C. v. Perusahaan Pertambangan Minyak Dan Gas Bumi Negara*, 364 F.3d 274, 288 (5th Cir. 2004). This burden is a "high hurdle." *Stolt-Nielsen S.A. v. AnimalFeeds Int'l Corp.*, 559 U.S. 662, 671 (2010). This Court may not "conduct a review of an arbitrator's decision on the merits"; "arguments concerning the merits are irrelevant" to the Court's "determination of whether there are statutory grounds within Section 10(a) under which the arbitration award should be vacated." *Householder Grp. v. Caughran*, 354 Fed. App'x 848, 851 (5th Cir. 2009) (citations omitted). Courts are to resolve all doubts regarding the fairness of the proceedings in favor of the arbitrator. *Rain CII Carbon, LLC v. ConocoPhillips Co.*, 674 F.3d 469, 472 (5th Cir. 2012).

### III. Analysis

Plaintiff has not carried his heavy burden of demonstrating one of the limited statutory bases for vacating the arbitral award in this case. Plaintiff is therefore not entitled to have his case reopened before this Court.

First, as to Plaintiff's argument that he does not ever remember signing an arbitration agreement, this argument was already considered and rejected by the District Court prior to the arbitration proceedings. The record contains a copy of the arbitration agreement at issue bearing Plaintiff's signature dated May 15, 2020. (Arbitration Agreement [#32-1], at 28.) At Plaintiff's deposition, he testified that this was the same document his attorney showed him before moving to transfer his claims to the arbitral forum. (Pl. Dep. [#32-1], at 37, 285:14–25.) Plaintiff also

testified in his deposition that, although he did not recall signing the agreement, the signature appeared to be his signature. (*Id.*) Additionally, at the final arbitration hearing, the arbitrator addressed Plaintiff's argument that he never signed the arbitration agreement and, prior to proceeding with the hearing, Plaintiff informed the arbitrator that he agreed to respect the decision of the District Court compelling his claims to arbitration. (Tr. [#37], at 49:1–9.) Plaintiff also conceded during the arbitration that he did not have any "set evidence" of collusion between his attorneys or Wells Fargo in sending his claims to arbitration based on a fraudulent arbitration agreement. (*Id.* at 49:1–5.) And Plaintiff testified at the arbitration that he did not believe the District Court colluded with Wells Fargo or Plaintiff's prior attorney in issuing the order requiring Plaintiff to arbitrate his claims. (*Id.* at 49:23–50:9.)

In summary, Plaintiff consented to proceed to arbitration through his attorney, who at the time was acting as his agent, and then reaffirmed his consent by agreeing to proceed to arbitration and by participating in the hearing before the arbitrator. The arbitrator conducted the arbitration pursuant to the arbitration agreement and the order of the District Court transferring Plaintiff's claims to arbitration. There is no basis for Plaintiff to assert that the arbitrator exceeded his authority or lacked authority to preside over his claims and render a decision under Section 10(a)(4) of the FAA based on a fraudulent arbitration agreement.

Second, Plaintiff has not demonstrated that the arbitrator colluded with Wells Fargo and rendered a decision infected with bias and partiality in violation of Section 10(a)(2) of the FAA. A party "can establish evident partiality by demonstrating either that [the arbitrator] failed to disclose relevant facts or that he displayed actual bias at the arbitration proceeding." *Weber v. Merrill Lynch Pierce Fenner & Smith, Inc.*, 455 F. Supp. 2d 545, 549 (N.D. Tex. 2006). For example, "[c]ourts have found that a reasonable impression of partiality is established when the

arbitrator has had a direct business or professional relationship with one of the parties to the arbitration." *Id.* at 552. Such bias must be "clearly evident in the decisionmakers." *Cooper v. WestEnd Cap. Mgmt., L.L.C.*, 832 F.3d 534, 545 (5th Cir. 2016) (internal quotation and citation omitted). There must be "specific facts from which a reasonable person would have to conclude that the arbitrator was partial to" a party. *Id.* (internal quotation and citation omitted). The alleged partiality must be "direct, definite, and capable of demonstration rather than remote, uncertain, or speculative." *Id.* (internal quotation and citation omitted). Plaintiff has not directed the Court to any such evidence.

Third, Plaintiff has not met his burden to demonstrate that the arbitrator refused to hear material evidence or engaged in any other misconduct during the proceedings that caused Plaintiff prejudice in violation of Section 10(a)(3) of the FAA. Plaintiff makes several arguments regarding the unfairness of the arbitration proceedings: (1) the arbitration was rushed and was completed in only six hours; (2) Plaintiff was not allowed to present the evidence he brought or allowed to tell his story clearly; and (3) Plaintiff was not allowed to cross examine Wells Fargo's witnesses.

Each of the parties to an arbitration must be given "an adequate opportunity to present its evidence and arguments." *Karaha Bodas Co.*, 364 F.3d at 300 (internal quotation and citation omitted). However, "an arbitrator is not bound to hear all of the evidence tendered by the parties." *Id.* (internal quotation and citation omitted). The undersigned has reviewed the complete transcript of the arbitration proceeding and confirmed that the arbitrator admitted all of Plaintiff's 53 exhibits into evidence and permitted Plaintiff to present his case until he rested. Plaintiff stated at the hearing that his exhibits were the "sum total" of what he intended to offer in written form for the arbitrator's consideration. (Tr. [#37], at 11, 10:8–12.) The arbitrator was

not required to give Plaintiff the opportunity to walk through every exhibit orally during the proceedings. Additionally, the record reflects that Wells Fargo chose not to call any witnesses because it believed that Plaintiff had failed to satisfy his burden of proof on any of his claims. Wells Fargo was entitled to do so. Therefore, there were no witnesses for Plaintiff to cross examine. Plaintiff has not carried his burden to demonstrate that the arbitrator denied him the opportunity to present his case or material evidence or engaged in other misconduct infecting the proceedings with prejudice.

## IV.  Conclusion and Recommendation

In light of the foregoing, the undersigned **recommends** that Plaintiff's *Pro Se* Motion to Reinstate Case in Federal Court [#31] be **denied**.

## V.  Instructions for Service and Notice of Right to Object/Appeal

The United States District Clerk shall serve a copy of this report and recommendation on all parties by either (1) electronic transmittal to all parties represented by attorneys registered as a "filing user" with the clerk of court, or (2) by mailing a copy to those not registered by certified mail, return receipt requested. Written objections to this report and recommendation must be filed **within fourteen (14) days** after being served with a copy of same, unless this time period is modified by the district court. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). The party shall file the objections with the Clerk of Court and serve the objections on all other parties. A party filing objections must specifically identify those findings, conclusions or recommendations to which objections are being made and the basis for such objections; the district court need not consider frivolous, conclusive or general objections. A party's failure to file written objections to the proposed findings, conclusions and recommendations contained in this report shall bar the party from a *de novo* determination by the district court. *Thomas v. Arn*, 474 U.S. 140, 149–52 (1985);

*Acuña v. Brown & Root*, *Inc.,* 200 F.3d 335, 340 (5th Cir. 2000). Additionally, failure to file timely written objections to the proposed findings, conclusions and recommendations contained in this report and recommendation shall bar the aggrieved party, except upon grounds of plain error, from attacking on appeal the un-objected-to proposed factual findings and legal conclusions accepted by the district court. *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428–29 (5th Cir. 1996) (en banc), *superseded by statute on other grounds*, 28 U.S.C. § 636(b)(1).

SIGNED this 13th day of June, 2024.

ELIZABETH S. ("BETSY") CHESTNEY
UNITED STATES MAGISTRATE JUDGE