**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION**

| | | |
|---|---|---|
| THEO MCPHEE,<br>   *Plaintiff* | §<br>§<br>§ | |
| -vs- | §<br>§ | SA-22-CV-00300-XR |
| WELLS FARGO BANK NATIONAL<br>ASSOCIATION, FOREIGN LIMITED<br>LIABILITY COMPANY;<br>   *Defendant* | §<br>§<br>§<br>§ | |

## ORDER ON REPORT AND RECOMMENDATION

On this date, the Court considered United States Magistrate Judge Elizabeth S. Chestney's report and recommendation (ECF No. 38) in the above-numbered and styled case, filed June 13, 2024. The Court also considered Plaintiff's response to the report and recommendation (ECF No. 41), filed on June 26, 2024. After careful consideration, the Court issues the following order.

### BACKGROUND

Plaintiff Theo McPhee, through his prior counsel, filed this case against Defendant Wells Fargo Bank National Association ("Wells Fargo") in March 2022, alleging wrongful termination/constructive discharge and national origin, race, and disability discrimination and retaliation in violation of the Americans with Disabilities Act ("ADA"), Title VII of the Civil Rights Act of 1964 ("Title VII"), and Section 1981 of the Civil Rights Act of 1871 ("Section 1981"). ECF No. 1. According to his complaint, Plaintiff is Bahamian and African and was subject to discriminatory treatment prior to and during his employment at Wells Fargo. *See id.*

Thereafter, the parties jointly moved to transfer the case to arbitration based on an arbitration agreement. *See* ECF No. 9. On May 6, 2022, the Court granted that joint motion, staying this case pending the outcome of arbitration. *See* May 6, 2022 Text Order.

However, while the arbitration was ongoing, Plaintiff, acting *pro se* despite being represented at the time, attempted to return his case to this Court. ECF Nos. 12, 17.[1] In addition, the Court advised Plaintiff that though he may not wish to proceed before the arbitrator, the arbitration agreement was binding on the parties, and that he could raise any unfairness issues at the conclusion of arbitration. February 23, 2023 Hearing; ECF No. 25.

Plaintiff proceeded through arbitration, and on October 10, 2023, the final arbitration hearing was held, at which both Plaintiff, proceeding *pro se*, and counsel for Wells Fargo appeared and participated. *See* ECF No. 37. Thereafter, on November 17, 2023, the arbitrator issued his filed award, ordering that Plaintiff recover nothing from Wells Fargo. ECF No. 32-1 at 2–3. In addition, the arbitrator held in favor of Wells Fargo on a breach of contract counterclaim, noting that Plaintiff breached a prior settlement agreement with Wells Fargo by seeking reemployment with Wells Fargo and by publishing the terms of that settlement agreement. *Id.*

Thereafter, on December 5, 2023, Plaintiff filed a motion to reinstate his case before this Court, seeking to vacate the arbitrator's decision and arguing that the arbitration was unfair and biased in favor of Wells Fargo. *See* ECF No. 31.

On March 3, 2024, the Court referred Plaintiff's motion to the Magistrate Judge. On June 13, 2024, the Magistrate Judge issued the report and recommendation currently before the Court. In that recommendation, the Magistrate Judge recommends denying Plaintiff's motion. ECF No. 38.

---

[1] As a result, his lawyers withdrew from representing Plaintiff due to irreconcilable differences. ECF No. 17; February 23, 2023 Hearing.

On June 26, 2024, Plaintiff filed his objections to the Magistrate Judge's report and recommendation. ECF No. 41.[2]

## DISCUSSION

### I. Legal Standard

A party may serve and file objections to a Report and Recommendations within fourteen days. FED. R. CIV. P. 72(a), (b)(2). "Parties filing objections must specifically identify those findings objected to. Frivolous, conclusive [sic] or general objections need not be considered by the district court." *Nettles v. Wainwright*, 677 F.2d 404, 410 n.8 (5th Cir. 1982), *overruled on other grounds by Douglass v. United States Auto. Ass'n*, 79 F.3d 1415 (5th Cir. 1996).

Courts must review *de novo* any of the Magistrate Judge's conclusions to which a party has specifically objected. *See* 28 U.S.C. § 636(b)(1) ("A judge of the court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made."). Any sections that were not clearly objected to are reviewed for clear error to determine whether they are contrary to law. *Id.*; *see also United States v. Wilson*, 864 F.2d 1219, 1221 (5th Cir. 1989), *cert. denied*, 492 U.S. 918 (1989).

### II. Analysis

In his objections, Plaintiff generally alleges corruption and collusion between his previous lawyers, Wells Fargo, and the arbitrator. ECF No. 41. Plaintiff also contends that he "did not have a chance to present [his] evidence" and that he wrongfully did not have an attorney throughout arbitration. *Id.* at 5. Further, Plaintiff requests that this Court transfer this case to the Supreme

---

[2] Though not framed as objections to the Magistrate Judge's report, the Court construes Plaintiff's filing as such. *See* ECF No. 41.

Court for review, claiming that he was not properly heard in arbitration and that this Court could not provide a fair forum. *Id.* at 5–7.[3]

However, upon review of Plaintiff's objections, Plaintiff fails to make any specific objection to the Magistrate Judge's analysis or conclusions. To be entitled to *de novo* review, Plaintiff needed to make specific objections to the Magistrate Judge's report and recommendation and could not rehash arguments previously made before the Magistrate Judge. *See Chapa v. Comm'r, SSA*, No. 4:20-CV-901-SDJ, 2022 WL 12365833, at *1 (E.D. Tex. Oct. 21, 2022). Accordingly, given the frivolous and general nature of Plaintiff's objections, the Court need not conduct a *de novo* review.

The Court has reviewed the report and recommendation and finds it to be neither clearly erroneous nor contrary to law. *United States v. Wilson*, 864 F.2d 1219, 1221 (5th Cir. 1989). Accordingly, the Court **ACCEPTS** the Magistrate Judge's recommendation, and Plaintiff's motion to reinstate (ECF No. 31) is **DENIED**.

Further, given that the arbitrator in this case has reached a final decision, the Court finds it appropriate that it issue a final judgment pursuant to the arbitrator's award. A final judgment pursuant to Rule 58 will issue separately.

---

[3] Alternatively, Plaintiff seeks to have this Court transfer his case to the Bahamas for adjudication. *See generally id.*

The Clerk is **DIRECTED** to mail a copy of this Order to Theo McPhee at the following address:

Theo McPhee
P.O. Box 503
Cibilo, TX 78108

It is so **ORDERED**.

**SIGNED** this 1st day of July, 2024.

_____
XAVIER RODRIGUEZ
UNITED STATES DISTRICT JUDGE